**WO**                                                                                          JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noell Langston,<br><br>            Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>           Defendants. | No.   CV-24-00062-PHX-MTL (ASB)<br><br>**ORDER** |

      On January 10, 2024, Plaintiff Noell Langston, who was then confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The same day, the Clerk of Court mailed a Notice of Assignment to Plaintiff at her address of record. On January 24, 2024, the mail sent to Plaintiff was returned as undeliverable because Plaintiff is no longer in custody. Plaintiff has not filed a notice of change of address or otherwise informed the Court of her whereabouts.

      Rule 3.4 of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the Court . . . in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case**." Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona at 2 (emphasis in original). In addition, Local Rule of Civil Procedure 83.3(d) requires an

unrepresented, incarcerated party to submit a notice of change of address within seven days after a change of address.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of her new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of her address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

     (3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

     Dated this 23rd day of February 2024.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge